IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IZHAR MUHAMMAD,<br><br>A Material Witness. | Case No. 3:24-MW-13 |

FILED
Nov 15 2024
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## AFFIDAVIT IN SUPPORT OF A MATERIAL WITNESS WARRANT

I, Patrick Francisco, being first duly sworn, hereby depose and state as follows:

IZHAR MUHAMMAD is a material witness in an ongoing investigation and prosecution of, among other things: (1) conspiring to provide and providing material support or resources to terrorists, in violation of 18 U.S.C. § 2339A; (2) conspiring to participate and participating in weapons of mass destruction threats to the United States, in violation of 18 U.S.C. § 832; (3) conspiring to and intentionally and unlawfully transporting on board a ship any explosive material, knowing that it is intended to be used to cause, or in a threat to cause, death to any person or serious injury or damage for the purpose of intimidating a population, or compelling a government or an international organization to do or to abstain from doing any act, in violation of 18 U.S.C. § 2280a(a)(1)(B)(i); (4) providing materially false information to a Federal law enforcement officer during a boarding of a vessel regarding the vessel's destination, origin, ownership, registration, nationality, cargo, or crew, while on board a vessel of the United States or a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2237(a)(2)(B); and (5) witness tampering through intimidation or threat, in violation of 18 U.S.C. § 1512.  Probable cause that Muhammad Pahlawan violated

the above-enumerated statutes is found in the affidavit in support of a criminal complaint and the superseding indictment in the case against Muhammad Pahlawan. *See* 3:24-CR-41, ECF Nos. 3-1, 79. Similarly, the facts to establish probable cause that Mohammad Mazhar violated 18 U.S.C. § 2237(a)(2)(B) can be found in the affidavit in support of the criminal complaint and superseding indictment against Mohammad Mazhar. *Id.* The probable cause facts of those complaint affidavits and the superseding indictment are incorporated here by reference.

As set forth more fully below, there is probable cause to believe that the testimony of IZHAR MUHAMMAD will be material to the federal investigation and trial of Muhammad Pahlawan and Mohammad Mazhar, and it will be impractical to secure this witness's presence for purpose of a Rule 15 deposition, or at trial by subpoena, because the witness presents a serious risk of flight. In light of the facts and circumstances discussed below, it is necessary to obtain a material witness warrant, pursuant to 18 U.S.C. § 3144, for IZHAR MUHAMMAD, in order to compel the witness's testimony.

The source of your deponent's information and the grounds for his belief are as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and as such, I am "an investigative or law enforcement officer of the United States," within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. In conducting these investigations, I used a variety of investigative techniques and resources, including but not limited to: questioning witnesses and subjects of national security investigations, conducting surveillance, working with confidential human sources, obtaining and executing search warrants, and electronic evidence review and analysis. I am familiar and have experience with working national security investigations that include the investigation of material support charges,

weapons of mass destruction charges, including investigations involving the prohibited possession of missiles designed to destroy aircraft.

2.      I am one of the case agents leading the investigation into Muhammad Pahlawan and Mohammad Mazhar.  Accordingly, I am familiar with the facts and circumstances set forth below from my own personal participation in the Investigations, including other witness interviews; my review of the investigative file; and from reports of other law enforcement officers and military personnel involved in the Investigations.  Where conversations are related or the contents of documents are described in this affidavit, they are related in sum and substance, and in part, unless otherwise indicated.  Because the purpose of this Material Witness Warrant is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

**A.      Summary of the Investigation**

3.      As previously indicated, the facts of this investigation are summarized in the related complaint affidavits and superseding indictment that are both incorporated here by reference.  *See* 3:24-CR-41, ECF Nos. 3-1, 79

**B.      The Material Witness**

4.      IZHAR MUHAMMAD is a citizen of Pakistan, according to the investigative findings available to date, who traveled from Pakistan to Iran and boarded a dhow that was the target of a Naval interdiction on January 11, 2024.  This witness was first encountered by the Navy in international waters off the coast of Somalia.  The witness is in custody in the United States as a defendant in Case No. 3:24-CR-41.  Simultaneous with this motion for a material witness warrant, the government will file a motion to dismiss Count 12 in the superseding indictment (Case No. 3:24-CR-41, ECF No. 79) against IZHAR MUHAMMAD.  At the time the

Court grants the motion to dismiss, IZHAR MUHAMMAD will no longer be a defendant in that matter.

5. IZHAR MUHAMMAD is approximately 20 years old, and currently has no legal immigration status in the United States.

6. IZHAR MUHAMMAD was interviewed by the FBI on or about January 29, 2024. During the course of that interview, the witness provided information that is material to the Investigation being conducted in the Eastern District of Virginia. Further, the FBI's investigation has revealed that IZHAR MUHAMMAD likely has additional information that is material to this matter. Specifically, the government anticipates that IZHAR MUHAMMAD, as a crewmember that boarded the dhow in Konarak, Iran on or about approximately January 5, 2024, and traveled on it with Pahlawan until the Navy stopped the dhow on or about January 11, 2024, will be able to provide testimony pertaining to, among other things:

   a. A voyage with Pahlawan in late November to December 2023 on the dhow;

   b. The loading of cargo onto the dhow in Chabahar, Iran in November 2023;

   c. A transfer of cargo from Pahlawan's dhow to another dhow in early December 2023;

   d. An arrest of Pahlawan and his crew in December 2023;

   e. The loading of cargo onto the dhow in Chabahar, Iran in January 2024;

   f. The organization, structure, and individual roles and assigned tasks, if any, of Pahlawan and the other crewmembers on board the dhow;

   g. The response of Pahlawan and others to the Navy's approach to the dhow, boarding of the dhow;

    h. Statements made by Pahlawan prior to boarding the dhow and while aboard the dhow and while on board the United States military ship with Pahlawan following the sinking of the dhow;

    i. The location of objects, Pahlawan's cabin, and other sections and locations on the dhow and where Pahlawan and crewmembers went on the dhow;

    j. The witness's own informative experiences on similar journeys and vessels that would aid a jury in understanding the unique setting of this crime;

    k. The witness's understanding of a ship captain's role on a dhow, in contrast or comparison to that of a crewmember; and

    l. Other relevant testimony that would be useful to a trial jury's determination of guilt or innocence.

7. Because IZHAR MUHAMMAD is a foreign national located outside of the United States, the government does not have valid subpoena power over this witness. *See* Fed. Rule Crim. Pr. R. 17 and 28 U.S.C. §1783. It is my understanding from my training and experience, and that of others on this investigation with whom I have consulted with, that the Country of Pakistan would likely not be supportive in requiring this witness to appear for trial in this matter.

8. Based on my involvement in the Investigations and on my training and experience, I believe that this witness may be a witness that the defense is constitutionally allowed to question in a deposition to determine what, if any, mitigating or exculpatory information the witness may have regarding the defendants.

9. Accordingly, based on my training, experience, and participation in these Investigations, I believe that IZHAR MUHAMMAD is a material witness in the investigation

and prosecution of this matter. Further, I believe that it is fully appropriate and necessary for a material witness warrant to be issued to assure IZHAR MUHAMMAD's appearance at the trial for this matter, or at least until a deposition can be conducted with this witness by both the defense and prosecution pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

## CONCLUSION

WHEREFORE, it is respectfully requested that, pursuant to the provisions of 18 U.S.C. § 3144, IZHAR MUHAMMAD be designated a material witness and an arrest warrant issue for this witness so that this witness will be available to appear and testify as a material witness in the above-described proceedings; and it is further requested that IZHAR MUHAMMAD be treated in accordance with the provisions of 18 U.S.C. § 3142, and thereupon be detained as a material witness in the custody of the United States Marshal or bailed, as the case may be until such time as Rule 15 depositions may be completed in this matter in advance of trial.

Respectfully submitted,

Patrick Francisco
Special Agent
Federal Bureau of Investigation

Sworn to before me in accordance with
Fed. R. Crim. P. 4.1 by telephone on November 15, 2024.

/s/
Hon. Summer L. Speight
UNITED STATES MAGISTRATE JUDGE

6